



| | | |
|---|---|---|
| **PORTLAND MAIN OFFICE**<br>1000 SW Third Avenue, Suite 600<br>Portland, Oregon 97204<br>(503) 727-1000<br>*www.usdoj.gov/usao/or*<br><br>**LEWIS S. BURKHART**<br>Assistant U.S. Attorney<br>Lewis.Burkhart@usdoj.gov<br>(503) 727-1000<br>*Reply to Portland Office* | **U.S. DEPARTMENT OF JUSTICE**<br>United States Attorney's Office<br>District of Oregon<br>Natalie K. Wight<br>United States Attorney | **EUGENE BRANCH**<br>405 E 8th Avenue, Suite 2400<br>Eugene, Oregon 97401<br>(541) 465-6771<br><br>**MEDFORD BRANCH**<br>310 West Sixth Street<br>Medford, Oregon 97501<br>(541) 776-3564 |

December 26, 2024

Mr. Ernest Warren Jr.
Warren & Sugarman
838 SW 1st Ave Ste 200
Portland OR 97204

      Re:    *United States v. Jimy Arias-Diaz*, Case No. 3:24-cr-00408-IM
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count 1 of the Information which charges the Conspiracy to Distribute Controlled Substances in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A)(vi).

3.    **Penalties**: The maximum sentence is life imprisonment, a mandatory minimum sentence of 10 years' imprisonment, a fine of $10,000,000, 5 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

      **Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant**

Ernie Warren
Re: Arias-Diaz Plea Agreement Letter
Page 2
December 26, 2024

**acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.**

4.      **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.      **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

First, beginning on a date unknown and continuing until October 16, 2024 in the District of Oregon;

Second, there was an agreement between two or more persons to possess with the intent to distribute fentanyl; and

Third, defendant joined in that agreement knowing of its purpose and intending to help accomplish that purpose.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime(s) to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea(s). The following facts are true and undisputed:

The DEA received information that two minors they previously investigated for distributing controlled substances were back in the Portland, Oregon selling fentanyl. Through surveillance, agents identified Defendant and his codefendant working with the two minors to sell fentanyl. On October 16, 2024, agents executed a federal search warrant at Defendant's residence in Tualatin, Oregon, which Defendant shared with his codefendant and the two minors. Agents seized over twenty kilograms of fentanyl and $7,279 in currency. Defendant was interviewed and admitted to selling drugs in the area for the past twenty-five days.

6.      **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Ernie Warren
Re: Arias-Diaz Plea Agreement Letter
Page 3
December 26, 2024

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1 is a Base Offense Level of 36, prior to adjustments.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **18 U.S.C. § 3553(a)**: The USAO agrees to a recommend a two-level reduction under 18 U.S.C. § 3553(a) for Defendant waiving indictment and pleading guilty before the second trial setting.

11. **"Safety Valve" Adjustment**: If defendant meets the criteria of 18 U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the parties will recommend a two-level reduction in offense level pursuant to USSG § 2D1.1(b)(18).

12. **Variance or Adjustment for Certain "Zero-Point" Offenders**: If defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1.

13. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant

Ernie Warren
Re: Arias-Diaz Plea Agreement Letter
Page 4
December 26, 2024

agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

14.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

Ernie Warren
Re: Arias-Diaz Plea Agreement Letter
Page 5
December 26, 2024

18.   **Forfeiture Terms**:

   A.   **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including $7,279 in United States currency, which defendant admits constitute the proceeds of defendant's criminal activity in violation of 21 U.S.C. § 846 as set forth in Count 1 of the Information.

   B.   **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

   C.   **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

   D.   **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

   E.   **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

   F.   **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

Ernie Warren
Re: Arias-Diaz Plea Agreement Letter
Page 6
December 26, 2024

19.  **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

20.  **Deadline**: This plea offer expires if not accepted by January 19, 2025 at 5:00 p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Lewis S. Burkhart*
LEWIS S. BURKHART
Assistant United States Attorney

Revised June 2023

Ernie Warren
Re: Arias-Diaz Plea Agreement Letter
Page 7
December 26, 2024

     I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.


1-8-2025
Date

Jimy Arias-Diaz, Defendant


     I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1-8-2025
Date

Ernie Warren, Attorney for Defendant


     I fully and accurately translated this entire agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

1/8/25
Date

Interpreter (if necessary)
Daniel Coble